FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

98 MAR 25 AM 9: 27

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| VANESSA SMOOT,<br>Plaintiff; | )<br>)<br>) |
| -vs.- | )  No. CV-96-P-2028-S<br>) |
| MARVIN T. RUNYON, JR.,<br>Postmaster General,<br>Defendant. | )<br>)<br>) |

ENTERED

MAR 25 1998

### OPINION

The defendant's Motion for Summary Judgment was considered at a prior motion docket. For the reasons expressed below, this motion is due to be granted.

### Facts[1]

Plaintiff alleges that in 1993, she was subjected to offensive sexually explicit jokes and remarks made by her co-employees and supervisor. Plaintiff was disturbed by what she considered a sexually hostile work environment and reported one particularly offensive incident involving her supervisor to Defendant's management. Defendant's management suggested that the plaintiff "give him another chance". Plaintiff continued to work for the defendant and did not pursue a claim with the EEOC at that time. In June of 1994, plaintiff's supervisor pressed his erect penis against the plaintiff while she stood at a water fountain with her back turned. Plaintiff felt extremely violated by this incident and reported it to management in June of 1994. In October of 1994, Plaintiff initiated the administrative process with the EEOC. The EEOC dismissed her administrative complaint because it was filed more than eight weeks after the 45 period required

---

1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.



by EEOC regulations. Smoot appealed this dismissal to the Office of Federal Operations of the EEOC alleging that she had been talked out filing a timely EEOC complaint. The Office of Federal Operations upheld the agency finding that it was Smoot who chose to delay filing an EEOC complaint regarding the 1994 incident. On September 8, 1995, postal management issued to Smoot a removal notice based on a charge that she had lied in the EEOC process. Smoot responded to her notice of termination by filing a complaint with the EEOC alleging that this termination notice was an act of reprisal. The postal service then rescinded the notice of termination without loss of work to Smoot.

## Analysis

The court finds that Ms. Smoot failed to exhaust her administrative remedies for her claim of sexual harassment. EEOC regulations require that an aggrieved employee seek EEO counseling within 45 days of the alleged discriminatory event as an administrative prerequisite for subsequent judicial proceedings. 29 C.F.R. § 1614.105(a) (1). Ms. Smoot first sought EEO counseling on October 7, 1994, regarding the incident that occurred in June of 1994. Ms. Smoot has not alleged that any sexual harassment occurred after the June 1994 incident. Regardless of when the incident occurred in June, this was at least two months outside of the required time frame.

The plaintiff has suggested several arguments for tolling the 45 day period which the court does not find persuasive. Plaintiff alleges that she made a good faith effort to comply with the exhaustion requirement and that she was hampered by the actions of the Postal Service, which should toll the 45 period. However, the fact that Defendant's management suggested that she give her supervisor "another chance" in response to a complaint made in 1993 regarding a separate

allegation of discrimination does not constitute a hampering of her efforts to comply with administrative requirements applicable to the 1994 incident. The plaintiff has made no allegation that her efforts to comply with administrative requirements were hampered in 1994. Likewise, the plaintiff has not alleged any facts to support her assertion that she made a good faith effort to comply with the 45 day time limit which would warrant tolling the period.

The court also finds that the "single filing rule" cannot be used by federal employees like Ms. Smoot to save an untimely administrative claim. The court is not aware of any 11th Circuit opinion which has allowed a federal employee to rely upon the timely EEOC charge of another regarding similar discriminatory treatment in order to meet the exhaustion requirements of §717, the federal sector provision of Title VII. 42 U.S.C. § 2000e-16. Allowing Ms. Smoot to "piggyback" her claims on the timely claims of Revela Waiters would be inconsistent with the rigorous administrative exhaustion requirements and time limitations established by §717 for administering Title VII in the federal employer/employee context, and this court declines to do so.

The court also finds that the plaintiff has failed to allege an adverse "personnel action" necessary to maintain her retaliation claim under §717. In contrast to the application of Title VII to the private sector which broadly prohibits discriminatory "employment practices", under §717, the Federal government is only prohibited from taking discriminatory "personnel actions". The term "personnel action" has consistently been interpreted in this context to require an ultimate employment decision such as hiring, granting leave, discharging, promoting or compensating. *Ferguson v. Veterans Administration*, 723 F.2d 871,872 (11th Cir.), cert. denied, 469 U.S. 1072 (1984) *Page v. Bolger*, 645 F.2d 227 (4th Cir. 1981), cert.denied, 454 U.S.

3

892(1981). The Postal Service's preliminary notification of removal was never carried out. The Postal Service reversed its decision and decided to retain Ms. Smoot before there was any adverse effect on her employment. Because the Post Office's notice of removal was only a preliminary step in the process of terminating Ms. Smoot and did not in fact result in any interruption of employment before it was rescinded, the court concludes that this notification is not the type of ultimate personnel action required to trigger liability under §717.

## Conclusion

The defendant is due to be granted summary judgment on both the plaintiff's sexual harassment claim and her retaliation claim. Accordingly, the plaintiff's case will be dismissed with prejudice.

Dated: March 25, 1998

                                                Chief Judge Sam C. Pointer, Jr.

Service List:
    James G. Gann, III
    Roderick Walls

4